## Dora E. Eddleman v. Arnaud A. Fasig.

1. EXTENSION OF TIME—*when refusal of court to grant, for the purpose of taking testimony, not error.* Such action by the court is not ground for reversal in the absence of a showing of resulting prejudice.

2. CROSS-EXAMINATION—*when new party loses right of.* A new party defendant, if he has a right to cross-examine witnesses who have already testified, loses such right by failing promptly to apply therefor.

3. VARIANCE—*when will not reverse.* A slight variance which does not result in prejudice will not reverse.

Bill in chancery. Error to the Circuit Court of Union county; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

DAVID W. KARRAKER, for plaintiff in error.

JAMES LINGLE, for defendant in error.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is a proceeding by bill in chancery, filed November 1, 1901, by George W. Smith, to redeem certain premises claimed by Dora E. Eddleman, plaintiff in error, by virtue of a deed executed the same day the bill was filed by Ida M. Browning and J. Daniel Browning, wife and husband. Afterwards, Smith, the complainant, assigned his interest in the premises to Arnaud A. Fasig, defendant in error, who was substituted as sole complainant. By amendment of bill, Ida M. Browning and husband, J. Daniel Browning, were made defendants, and by intervening petition plaintiff in error also became a party defendant. The Brownings were defaulted and, in due course of proceedings, the cause was brought to a hearing before the court on issues between the plaintiff and defendant herein, and a decree duly entered, from which the record is brought to this court on writ of error.

It is represented by the amended bill, that on November 1, 1900, George W. Smith, complainant, was the owner in fee of the lot or land in controversy, and to secure the payment of $280 and interest owing by him to the Anna Building and Loan Association, he executed and delivered a deed for said lot to the said association, but that it was agreed and understood, between the grantor and grantee, that the said deed was given as security and that upon the payment of the said sum of $280 and interest the said association would reconvey said premises to complainant; that on January 28, 1901, complainant borrowed of Daniel Browning and wife, Ida M. Browning, the sum of $280 with which to pay the said building association, and to secure the payment of the Brownings on or before the 20th day of January, 1901, according to agreements then made, caused the said building association to convey the said lot by deed to the said Ida M. Browning, together with an assignment of the insurance policy for $300, covering the said premises; that it was expressly agreed and understood between complainant, the Anna Building and Loan Association, and the said Daniel Browning and Ida M. Browning, that the said deed and insurance policy were to be held simply as security for the payment of the money borrowed, and that the lot would be reconveyed to the complainant upon payment of the debt and interest. It is further represented that the building on said premises was destroyed by fire February 10, 1901, and that the loss ($300), covered by the policy assigned, was paid to Ida M. Browning, which being applied to the debt fully satisfied the same; that complainant made demand upon the Brownings for an accounting and reconveyance of the premises, which was refused. From the plaintiff's petition to become a party defendant, her answer to the amended bill, and the evidence in the record, it appears, that late in the day on which the original bill was filed and summons served upon Daniel and Ida M. Browning, and

while Smith and the Brownings were in serious dispute and controversy, culminating in the commencement of this suit, the deed under which plaintiff claims title was executed. All the material allegations of the bill stand as confessed by the Brownings who suffered default, and it only remains to determine whether plaintiff was a purchaser of the lot in good faith and without notice of defendant's equity. From the evidence it is clear that the conveyance by the Brownings was to escape the threatened proceeding in court for adjustment of the controversy with Smith, and colorably to avoid the settlement of a just and equitable claim. The evidence fully warrants the finding that William M. Eddleman was agent of the plaintiff, his wife, throughout the transaction by which the deed from the Brownings was obtained, and knowledge or notice of Eddleman of Smith's rights or claim to the property was binding upon plaintiff. That Eddleman, the husband and agent, knew substantially the condition of Browning's title and Smith's claim to the property at the time of the fire, February 15, 1901, is fully proven and not denied. The circumstances under which this information was obtained and the reasonable inference from other facts presented that he was advised of the controversy between Smith and Browning, and knew of the suit pending or threatened, at the time he took the deed, warrants the conclusion and the decree that he was plaintiff's agent, and therefore plaintiff herself was charged with knowing of Smith's claim upon the property. Though the doctrine of *lis pendens* may not apply if the Brownings were not served with summons prior to delivery of the deed, yet if plaintiff knew that a bill had been filed, and the purpose thereof, she will be charged with notice of defendant's claim, and therefore is not to be considered an innocent purchaser. At the June term, 1904, after complainant's evidence in chief had been taken, plaintiff became a party defendant by petition, the cause was referred to the master, the defendants

ruled to close evidence by October 1 and complainant's rebuttal evidence by November 1, 1904, and the cause continued. The cause was again continued at the November term and at the March term, 1905, p'aintiff, on petition granted, was substituted as complainant. Plaintiff moved for an extension of time in which to take evidence in defense. This was denied and the cause was referred to a special master to take evidence of defendant's interest in the property, and again continued. Complaint is made that the court denied plaintiff's motion for further time to take testimony. Neither in the affidavit in support of the motion nor in the record is there any showing that p'aintiff was prejudiced by the action of the court. So far as it now appears from this record, there is nothing from which it can be said that plaintiff could have produced material evidence had further time been given, nor was sufficient reason given for failure to comply with the rule of the court requiring the evidence in defense to be concluded by October 1, 1904. If plaintiff wished to cross-examine witnesses examined before she became a defendant, timely motion for such leave should have been made. This was not done, and the right to cross-examine, if such right existed, was waived. Leave to cross-examine complainant's witnesses was not embodied in the motion for further time. Other irregularities touching the order of proceedings are criticised, but we find nothing of omission or commission to effect an impeachment of the decree. Inasmuch as the property in controversy is correctly described in defendant's petition and in the decree, the slight variance from that contained in Browning's deed to plaintiff will not justify a reversal in this case. The plaintiff can in no wise be prejudiced by the redemption.

The decree of the Circuit Court will be affirmed.

*Affirmed.*